# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| VALERIE NELSON, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. 17-0571-WS-MU |
| SOCIAL SECURITY OFFICE, | ) |
| Defendant. | ) |

## **REPORT AND RECOMMENDATION**

Plaintiff, proceeding *pro se*, filed the instant case on December 29, 2017, appealing a decision of the Commissioner of Social Security denying her benefits. (Doc. 1). Plaintiff Nelson had earlier appealed the decision of the ALJ to the Appeals Council, which denied her request for review on October 27, 2017. (Doc. 10 at p. 5). On January 16, 2018, Plaintiff was advised by the attorney who represented her at the administrative level that the Appeals Council had reinstated her request for review and granted additional time for the submission of argument and additional evidence. (*Id*.). Because her case has been reinstated for review at the Appeals Council level, Plaintiff has filed a motion for a stay of this action pending that review. (Doc. 10). Her motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and General Local Rule 72(a)(2)(S) for appropriate action.

Pursuant to 42 U.S.C. § 405(g), "[a]ny individual, after any ***final*** decision of the Commissioner of Social Security made after a hearing to which he was a party, … may obtain a review of such decision by a civil action commenced

within sixty days after the mailing to him of such decision…." Because Plaintiff's appeal to the Appeals Council of the ALJ's decision denying her social security benefits has been reinstated at the Appeals Council level, the decision of the Commissioner is not final. *See, e.g., Staar v. Colvin,* Case No.: 2:14-cv-00033-REB, 2017 WL 760732, at *3 (D. Idaho Feb. 25, 2017) (noting that Commissioner's decision did not become final until after Appeals Council ruled on Petitioner's request to re-open case after Appeals Council had denied a request for review). In addition to the jurisdictional issue presented, as a practical matter, a stay is not appropriate and could be unnecessary here because the Appeals Council could issue an opinion favorable to Plaintiff. Therefore, it is **RECOMMENDED** that this action be dismissed without prejudice, *sua sponte,* for lack of jurisdiction.

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED. R .CIV. P. 72(b); S.D. Ala. Gen. LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time

period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **16th** day of **February, 2018**.

/s/ P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**