**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **VALERIE NELSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION 17-0571-WS-MU** |
| | ) | |
| **SOCIAL SECURITY OFFICE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

This closed matter comes before the Court on *pro se* plaintiff Valerie Nelson's filing, which is liberally construed as a Motion to Reopen (doc. 14).

Nelson commenced this action on December 29, 2017, appealing a decision of the Commissioner of Social Security denying her benefits. On February 7, 2018, however, Nelson filed a Motion to Stay (doc. 10), based on information that the Appeals Council had reinstated her request for review of the Administrative Law Judge's denial, and had granted additional time for submission of argument and evidence. On February 16, 2018, Magistrate Judge Murray entered a Report and Recommendation (doc. 11), opining that a stay was inappropriate because the reinstatement of Nelson's appeal meant that there was no final decision of the Commissioner of Social Security, and therefore no jurisdiction to hear her case in federal court. *See* 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, … may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision."). On that basis, the Magistrate Judge recommended that Nelson's federal case be dismissed for lack of jurisdiction, rather than stayed. Nelson did not object. On March 19, 2018, this Court entered an Order (doc. 12) and Judgment (doc. 13), adopting the Report and Recommendation and dismissing Nelson's Complaint without prejudice for lack of jurisdiction.

Now, nearly five months later, Nelson files what appears to be a Motion to Reopen, in which she indicates that the Appeals Council closed her case and did not review the additional

evidence she provided. For that reason, she wishes to have this federal action reopened so that she may "have her day in court." The trouble is that this case was closed, not stayed, in March 2018. The circumstances that Nelson described do not justify relief from the March 19 Order and Judgment dismissing her Complaint for lack of jurisdiction. At that time, the Court expressly declined to grant Nelson's request for a stay that would have allowed her to reinstate her existing lawsuit upon final action by the Appeals Council. That reasoning remains sound today. Of course, the dismissal was without prejudice, so nothing in this Order would forbid Nelson from commencing a new federal court action against the Commissioner by filing a new complaint appealing the final decision denying her benefits, and either paying the filing fee or submitting an application to proceed without prepayment of fees and costs. But reopener of her prior Complaint dismissed several months ago on jurisdictional grounds is not appropriate at this time. Accordingly, the Motion to Reopen is **denied**.

DONE and ORDERED this 9th day of August, 2018.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE